{¶ 23} I respectfully disagree with the opinion of the majority and the line of cases that have held that an employee of a political subdivision has less constitutional rights than a person employed in the private sector.
 {¶ 24} While most workplace injuries fall exclusively within the workers' compensation framework, there are exceptions to that general rule.One such exception exists when an employer has committed an intentional tort resulting in injury to an employee. The Supreme Court of Ohio held that it is against the public policy of this state to provide insurance coverage to insulate employers from the natural consequences of their intentionally tortious behavior.[1]
 {¶ 25} More recently, the Supreme Court of Ohio struck down the legislature's latest attempt to limit employer liability in the workplace, which was codified in R.C. 2745.01.[2] The court stated that it is "abundantly clear that any statute created to provide employers with immunity from liability for their intentional tortious conduct cannot withstand constitutional scrutiny."[3] The court reiterated that this area of the law is constitutionally protected and not subject to legislative regulation.
 {¶ 26} Applying the law to the facts of the instant matter can lead to but one conclusion. The underlying claim is an employment issue. Specifically, it is a workers' compensation intentional tort claim. As such, the traditional measurement of duty, breach, and injury apply. As stated so eloquently by Chief Justice Cardozo, "[t]he risk reasonably to be perceived defines the duty to be obeyed."[4]
 {¶ 27} The Supreme Court of Ohio has clearly stated that "intentional torts" cannot and will not be shielded from liability by statute. Such a pronouncement clearly defines the public policy of this state. There is no rational basis, therefore, to say that public policy will only protect those employees who work for private employers, but not for others who work for the government. To hold otherwise would not only be unconstitutional, but would shock the conscience.
 {¶ 28} The facts of this case could not be more clear. A lock in a maximum security range of a jail was malfunctioning, exposing the employees to an increased, and unnecessary, risk of injury. The outcome was predictable and certain. An employee alleges that he was injured by the intentional tort of his employers by exposing him to an unreasonable risk in the workplace. The law in this area is clear.[5] The injured worker is entitled to his day in court.
[1] Blankenship v. Cincinnati Milacron Chemicals (1982),69 Ohio St.2d 608, 614-615.
[2] Johnson v. BP Chemicals, Inc. (1999), 85 Ohio St.3d 298.
[3] Id. at 304.
[4] Palsgraf v. Long Island R. R. Co. (1928), 162 N.E. 99, 100.
[5] Fyffe v. Jeno's (1991), 59 Ohio St.3d 115.